**FILED**



11:32 am, 10/20/25

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

_____

DAVITI LAPACHI,

       Petitioner,

  VS.

Case No.  25-CV-00210-SWS

PAMELA JO BONDI, *U.S. Attorney General,*

KRISTI NOEM, *Secretary U.S. Department of Homeland Security,*

ROBERT GUADIAN, *Denver Field Office Director ICE Enforcement and Removal Operations,*

JOHN HARLIN, *Sheriff, the Natrona County Detention Center, Casper, Wyoming,*

       Respondents.

---

### ORDER LIFTING STAY AND REQUIRING GOVERNMENT RESPONSE

THIS MATTER is before the Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner, Daviti Lapachi. [ECF 1]

### BACKGROUND

Mr. Lapachi is a native of the country of Georgia. [ECF 9 ex. 1 p. 1] He entered the United States on July 23, 2024, and, shortly thereafter, United States Immigration and Customs Enforcement (ICE) detained him. [ECF 9 ex. 1 p. 1] Mr. Lapachi applied for asylum and requested withholding of removal. [ECF 1 p. 10] On February 6, 2025, an Immigration Judge determined Mr. Lapachi was inadmissible pursuant to INA §

212(a)(6)(A)(i), denied his asylum application, and granted Withholding of Removal under INA § 241(b)(3). [ECF 1 p. 10] Both Mr. Lapachi and the Government reserved the right to appeal, though neither did. [ECF 9 ex.1 p. 2] ICE initially detained Mr. Lapachi at a facility in Aurora, Colorado, but transferred him to the Natrona County Detention Center on July 18, 2025. [ECF 9 ex. 1 p. 2] The Government states Mr. Lapachi's removal period began on the date the Immigration Judge's order became administratively final—March 11, 2025. [ECF 9 p. 10]

## *DISCUSSION*

When a noncitizen is ordered removed, generally, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). This period of time is known as the "removal period." *Id.* In *Zadvydas v. Davis*, the Supreme Court noted that an alien must be detained during the ninety-day removal period. 533 U.S. 678, 683 (2001). It held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699. The Court determined that the basic question a habeas court must decide is whether "the detention in question exceeds a period reasonably necessary to secure removal." *Id.* It determined a presumptively reasonable detention period of six months. *Id* at 701. After six months,

> once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.

*Id*.

Here, Mr. Lapachi has been detained for seven months. That is beyond the presumptively reasonable six-month period established by the Supreme Court. He cannot be removed to his home country (Georgia), and, despite the Government's assertion that "ICE continues to pursue alternative countries for removal of Mr. Lapachi from the United States," it is not clear what steps they have taken and are taking to make progress towards that goal. [ECF 9 ex. 1 p. 3] Though barebones, Mr. Lapachi's petition is sufficient to shift the burden to the Government. *See e.g.*, *Zhuzhiashvili v. Carter*, No. 25-3189-JWL, 2025 WL 2837716, at *2 (D. Kan. Oct. 7, 2025); *ABRAHIM BUSH ABRAHIM MANAGO, Petitioner, v. C. CARTER, Warden, FCI-Leavenworth; RICARDO WONG, Field Off. Dir., ICE ERO Chicago; TODD LYONS, Acting Dir., Immigr. & Customs Enforcement; KRISTI NOEM, Sec'y, Dep't of Homeland Security; & PAMELA BONDI, Att'y Gen*., *Respondents.*, No. 25-3183-JWL, 2025 WL 2841209, at *2 (D. Kan. Oct. 7, 2025). Therefore, the Court orders the Government to supplement its response with information about the steps it is taking toward removing Mr. Lapachi, including countries considered, communicated with and rejected for removal, where it is currently pursuing removal, and a specific timeline for his expected removal from the United States.

Mr. Lapachi was already transferred from Colorado to Wyoming, depriving the District of Colorado of jurisdiction to decide Mr. Lapachi's § 2241 petition. [ECF 4] Thus, absent prior authorization from this Court the Government shall maintain Mr. Lapachi's custody in the District of Wyoming while this petition is pending. *See Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and*

3

*mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20 Civ. 22999, ECF No. 13 (S.D. Fla. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). If the Government identifies a third country willing to accept Mr. Lapachi during the pendency of this proceeding, it should notify the Court and provide the planned timing.

## *CONCLUSION*

**NOW, THEREFORE, IT IS ORDERED,** the General Order Staying Case [ECF 12] is **LIFTED** for this case, *Lapachi v. Bondi, et al.*, 25-cv-00210-SWS.

**IT IS FURTHER ORDERED,** the Government must file a supplemental response identifying the steps it has and is taking toward removing Mr. Lapachi, including countries considered and rejected for removal, where it is currently pursuing removal, and a specific timeline for his expected removal from the United States.

**IT IS FURTHER ORDERED,** Respondents' supplemental response must be filed by 8:00 a.m., on October 27, 2025.

**IT IS FURTHER ORDERED,** Petitioner may file a Reply brief by November 3, 2025.

**IT IS FURTHER ORDERED,** Petitioner shall not be transferred outside the District of Wyoming absent further order of this Court.

Dated this <u>20th</u> day of October, 2025.


Scott W. Skavdahl
United States District Judge