Daviti Lapachi
A249-384-280
Natrona County Detention Center
1100 Bruce Lane
Casper, WY 82601

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 OCT 21  AM 10: 01

MARGARET BOTKINS. CLERK
CASPER

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **DAVITI LAPACHI** ) | Case No. 1:25-cv-00210-SWS |
| ) | |
| **Petitioner,** ) | |
| V. ) | |
| PAMELA BONDI, U.S. Attorney General; ) | |
| KRISTI NOEM, Secretary U.S. ) | |
| Department of Homeland Security; ) | |
| ROBERT GUADIAN, Denver Field ) | |
| Office Director ICE Enforcement ) | |
| and Removal Operations; ) | |
| John Harlin, Sheriff, The Natrona ) | |
| County Detention Center, Casper, Wyoming ) | |
| ) | |
| **Respondents** ) | |

## PETITIONER'S RESPONSE BRIEF

## INTRODUCTION

Petitioner, a noncitizen who was granted withholding of removal on February 6, 2025, respectfully submits this reply to Respondents' opposition brief. Respondents argue that Petitioner's continued detention is lawful under 8 U.S.C. § 1226 and §1231, and that Petitioner has not exhausted administrative remedies or alleged a constitutional violation. These assertions are legally and factually flawed.

Petitioner has now been detained for over 14 months, including more than 8 months after receiving final relief from removal. He is being held indefinitely while DHS purportedly searches for a third country for removal, despite his grant of withholding under INA § 241(b)(3). This prolonged detention violates the statutory limits set by § 1231, as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001), and raises serious due process concerns under the Fifth Amendment.

## I. PETITIONER'S DETENTION IS GOVERNED BY 8 U.S.C. § 1231, NOT § 1226

Respondents assert that Petitioner's detention is authorized under both 8 U.S.C. § 1226 and § 1231. This is incorrect. Petitioner's removal proceedings concluded with a final order granting withholding of removal on February 6, 2025. The government's right to appeal expired without action, rendering the order final on March 11, 2025. Therefore, any pre-removal detention authority under § 1226 ceased upon finality. From that date forward, detention is governed by § 1231. See *Johnson v. Arteaga-Martinez*, 142 S. Ct. 1827, 1832 (2022); *Zadvydas*, 533 U.S. at 683.

Section 1226 allows detention only while a decision is pending on removal. That decision has already been made in this case. Respondents' reliance on *Johnson v. Guzman Chavez*, 141 S. Ct. 2271 (2021), is misplaced, as that case involved individuals with pending reinstated removal orders and applications for withholding, not those who have already been granted withholding and are no longer subject to imminent removal.

## II. PETITIONER'S DETENTION BEYOND THE 90-DAY REMOVAL PERIOD VIOLATES § 1231(a) AND *ZADVYDAS*

Under 8 U.S.C. § 1231(a)(1), the Attorney General "shall remove the alien from the United States within a period of 90 days" following the final order of removal or relief. That 90-day "removal period" began on March 11, 2025, and expired June 9, 2025. DHS has now detained Petitioner for over seven months beyond that period.

While § 1231(a)(6) allows for post-removal-period detention of certain individuals, that authority is not unlimited. In *Zadvydas*, the Supreme Court held that six months is the presumptively reasonable limit for such detention. After six months, the government must release the individual unless it can demonstrate a significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

Here, DHS has not identified a third country willing to accept Petitioner, nor has it provided evidence that such removal is likely in the near future. Petitioner has cooperated fully, has no criminal history, and poses no flight risk or danger to the community. His continued detention is therefore no longer authorized under § 1231(a)(6) and violates *Zadvydas*.

## III. Recent District Court Authority Confirms That Prolonged Detention Post-Withholding Is Unlawful

Two recent federal district court decisions Zhuzhiashvili v. Carter and Ambrosi v. Warden provide strong support for Petitioner's claim that his continued detention under 8 U.S.C. § 1231(a)(6) is unlawful following the grant of withholding of removal and the absence of a foreseeable removal destination.

In Zhuzhiashvili v. Carter, No. 25-3189-JWL, 2025 WL, (D. Kan. Oct. 7, 2025), the District of Kansas granted habeas relief to a petitioner who, like the Petitioner here, had been granted withholding of removal but remained detained while ICE sought a third country for removal. The court held that, where removal to the country of feared persecution is barred and removal to a third country is not reasonably foreseeable, detention under § 1231(a)(6) becomes unauthorized. The court emphasized that the government may not continue detention indefinitely in the absence of a realistic prospect of removal.

Similarly, in Ambrosi v. Warden, No. 5:25-cv-00013 (S.D. Ga.), the magistrate judge issued a Report and Recommendation on August 14, 2025, recommending habeas relief where the petitioner had been granted withholding of removal, was medically vulnerable, and had remained in detention for over six months with no viable removal plan. The court found that the government's inability to remove the petitioner in the reasonably foreseeable future rendered continued detention unlawful under *Zadvydas*.

These decisions squarely align with Petitioner's circumstances. He has been granted withholding of removal, ICE has failed to identify a viable third country, and he has now been detained for

over seven months past the 90-day removal period. As these courts correctly recognized, § 1231(a)(6) does not permit indefinite detention where removal is not reasonably foreseeable. These recent rulings reinforce that habeas relief is not only appropriate here, but necessary to prevent an ongoing violation of statutory and constitutional rights.

## IV. PETITIONER HAS EXHAUSTED ADMINISTRATIVE REMEDIES

Respondents argue that Petitioner failed to exhaust administrative remedies by not seeking release through the immigration courts or ICE. This is inaccurate and legally irrelevant.

Petitioner filed three bond motions before the Immigration Judge during the pendency of removal proceedings which all were denied. Following the final order granting withholding, counsel submitted multiple written release requests to ICE and the detention center, including emails and calls, but received no substantive response. Petitioner has therefore pursued all avenues available to him.

Furthermore, exhaustion is not a jurisdictional requirement in habeas proceedings. Even if administrative remedies remain, further pursuit would be futile, given the government's ongoing refusal to release him despite his relief from removal.

## V. PETITIONER HAS ASSERTED A CONSTITUTIONAL VIOLATION

Respondents claim Petitioner has not raised a constitutional claim. This is incorrect. Petitioner has asserted that his prolonged, indefinite detention violates due process under the Fifth Amendment, especially where (1) he has prevailed in his removal case, (2) no receiving country has been identified, and (3) he is detained in harsh, prison-like conditions without end. This

violates the standard in *Zadvydas*, which held that indefinite civil detention without a clear path to removal is unconstitutional. See also *Clark v. Martinez*, 543 U.S. 371 (2005).

## VI. PETITIONER DOES NOT POSE A DANGER OR FLIGHT RISK

Respondents have offered no individualized evidence that Petitioner poses a danger to the community or is a flight risk. Petitioner has no criminal history, no disciplinary infractions during detention, and is fully compliant with legal proceedings. ICE's discretionary authority under § 1231 must be exercised consistent with due process and constitutional limitations.

## CONCLUSION

Petitioner has now been detained for more than 14 months, including over 7 months beyond the presumptively reasonable removal period. No third country has agreed to accept him, and there is no significant likelihood of removal in the reasonably foreseeable future. Continued detention violates both the INA and the Constitution.

Accordingly, Petitioner respectfully requests that this Court grant the writ of habeas corpus, order his immediate release under reasonable supervision or conditions of release, and grant any further relief the Court deems just and proper.

Dated: October 20, 2025
Casper, WY

*[signature]*

Daviti Lapachi
A249-384-280
Natrona County Detention Center
1100 Bruce Lane
Casper, WY 82601

## **CERTIFICATE OF SERVICE**

I, Daviti Lapachi hereby certify under the penalty of perjury that on October 20, 2025, I filed a copy of this Petitioner's Response Legal Brief and served on Respondents - PAMELA BONDI, U.S. Attorney General; KRISTI NOEM, Secretary U.S. Department of Homeland Security; ROBERT GUADIAN, Denver Field Office Director ICE Enforcement and Removal Operations; John Harlin, Sheriff, The Natrona County Detention Center, Casper, Wyoming; by USPS overnight mail.

Dated: October 20, 2025
      Brooklyn, New York

                                                  Daviti Lapachi
                                                  A249-384-280
                                                  Natrona County Detention Center
                                                  1100 Bruce Lane
                                                  Casper, WY 82601