

**FILED**

*1:11 pm, 10/30/25*

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DAVITI LAPACHI,<br><br>Petitioner,<br><br>VS.<br><br>PAMELA JO BONDI, *U.S. Attorney General,*<br><br>KRISTI NOEM, *Secretary U.S. Department of Homeland Security,*<br><br>ROBERT GUADIAN, *Denver Field Office Director ICE Enforcement and Removal Operations,*<br><br>JOHN HARLIN, *Sheriff, the Natrona County Detention Center, Casper, Wyoming,*<br><br>Respondents. | Case No. 25-CV-00210-SWS |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 [ECF 1]**

THIS MATTER is before the Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF 1] filed by pro se petitioner, Daviti Lapachi. [ECF 1] The Court, having considered the petition, response, supplemental response, reply, and being otherwise fully informed, concludes the writ must be **GRANTED.**

### *BACKGROUND*

Mr. Lapachi is a native of Georgia. [ECF 9 ex. 1 p. 1] He entered the United States on July 23, 2024, and, shortly thereafter, United States Immigration and Customs

1

Enforcement (ICE) detained him. [ECF 9 ex. 1 p. 1] Mr. Lapachi applied for asylum and requested withholding of removal. [ECF 1 p. 10] On February 6, 2025, an Immigration Judge determined Mr. Lapachi was inadmissible pursuant to INA § 212(a)(6)(A)(i), denied his asylum application, and granted Withholding of Removal under INA § 241(b)(3). [ECF 1 p. 10] Both Mr. Lapachi and the Government reserved the right to appeal, though neither did. [ECF 9 ex.1 p. 2] ICE initially detained Mr. Lapachi at a facility in Aurora, Colorado, but transferred him to the Natrona County Detention Center on July 18, 2025, where he remains. [ECF 9 ex. 1 p. 2] The Government states Mr. Lapachi's removal period began on the date the Immigration Judge's order became administratively final—March 11, 2025. [ECF 9 p. 10]

    Mr. Lapachi filed his § 2241 petition pro se in the District of Colorado, seeking release from ICE detention. [ECF 1] The District of Colorado ordered Mr. Lapachi to show cause why his petition should not be transferred to the District of Wyoming, which Mr. Lapachi failed to do. [ECF 3] The District of Colorado transferred his case to the District of Wyoming and the Court ordered Mr. Lapachi's § 2241 petition be served on Respondents and ordered their response to the petition. [ECF 4 & 7]

    Respondents responded to the petition and argued this Court should deny Mr. Lapachi's requested relief because he has not exhausted his administrative remedies. [ECF 9 p. 8] Respondents further argued that, because an Immigration Judge ordered him removed, Mr. Lapachi's detention is mandatory pursuant to 8 U.S.C. § 1231. [ECF 9 p. 10] The Government noted that detention under § 1231 is presumptively reasonable for up to six months and conceded that Mr. Lapachi's detention has exceeded that timeframe. [ECF

9 pp. 10-11] It argued, however, that he was not entitled to release merely because he has been detained for longer than six months. [ECF 9 p. 11] The Government argued that Mr. Lapachi could not show that it was not reasonably likely he would be removed in the foreseeable future. [ECF 9 p. 11] The Government contends that it has contacted alternative countries for removal and, thus, is making an effort to remove Mr. Lapachi. [ECF 9 p. 11] This, according to the Government, shows that Mr. Lapachi's removal is still reasonably likely in the foreseeable future. [ECF 9 p. 11] Thus, the Government argues his continued detention is authorized by statute and the Court should deny his petition for writ of habeas corpus. [ECF 9 p. 11-12]

On September 30, 2025, funding for the Department of Justice lapsed. [ECF 12] On October 1, 2025, attorneys for the Department of Justice entered furlough status and the United States sought a stay of all civil cases within the District of Wyoming where the United States, an agency, corporation, officer, or employee of the United States is a party, until Congress restores appropriations to the Department of Justice. [ECF 12] The Court entered a temporary general order staying all such civil cases on October 1, 2025. [ECF 12] On October 20, 2025, this Court lifted the stay in Mr. Lapachi's case and ordered Respondents to file a supplementary response identifying the steps taken by the United States to remove Mr. Lapachi from the United States, where it is currently pursuing removal, and a timeline for his expected removal from the United States. [ECF 13]

Respondents entered their supplemental response. [ECF 15] ICE responded that it contacted three countries in March about accepting Mr. Lapachi: Turkey, Azerbaijan, and Armenia. [ECF 15 p. 2] Turkey declined acceptance on March 27, 2025. [ECF 15 ex. 1 p.

2] ICE has not received a decision from Azerbaijan or Armenia about whether they will accept Mr. Lapachi. [ECF 15 ex. 1 p. 2] The ICE agent stated in his affidavit that, to the best of his knowledge and understanding the United States Department of State is evaluating other potential countries for potential acceptance but has not formulated a list. [ECF 15 ex. 1 p. 2] ICE could provide no specific timeline for Mr. Lapachi's expected removal from the United States. [ECF 15 ex. 1 p. 2]

Mr. Lapachi also replied to the Court's order. [ECF 14] He contends he has been held in detention for fourteen months, including more than eight months after receiving final relief from removal. [ECF 14 p. 2] Mr. Lapachi contends his detention is governed by 8 U.S.C. § 1231 and not § 1226.[1] [ECF 14 p. 2] He argues pre-removal detention authority under § 1226 expired with the Government's time to appeal on March 11, 2025. [ECF 14 p. 2] Mr. Lapachi argues his detention beyond the ninety-day removal period in § 1231(a)(1) violates both the statute and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). He argues the Department of Homeland Security (DHS) has not identified a third country willing to accept him, nor has it provided evidence he is likely to be removed in the near future. [ECF 14 p. 3] Mr. Lapachi asserts he has cooperated fully, has no criminal history, no disciplinary infractions while being detained, and is not a danger to the community. [ECF 14 p. 3] Based upon these undisputed facts and law Mr. Lapachi contends his continued detention is not authorized by law. [ECF 14 p. 3] Mr. Lapachi directs this Court to recent cases out of other district courts where the courts ordered

---

[1] Despite a somewhat confusing response wherein Respondents discussed 8 U.S.C. § 1226, the Government does not argue it applies to Mr. Lapachi's case. [ECF 9 pp. 10-12]

4

similarly situated petitioners released from detention. [ECF 14 p. 4] He also argues Respondents' contention that he did not exhaust his administrative remedies is incorrect and irrelevant. [ECF 14 p. 5]

## *DISCUSSION*

### *I. Exhaustion*

Respondents argue Mr. Lapachi was required to exhaust his administrative remedies prior to filing for habeas relief. [ECF 9 p. 8] Mr. Lapachi contends he has exhausted his administrative remedies. He also argues exhaustion is not required and further efforts would be futile. [ECF 14 p. 5] Exhaustion is not statutorily required in § 2241 proceedings and prudential exhaustion can be excused where it would be futile. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Mr. Lapachi asserts he has exhausted his administrative remedies because he filed three requests for bond before the Immigration Judge and submitted written release requests to the ICE detention center which received no substantive response. [ECF 14 p. 5] Respondents do not identify further administrative steps available to Mr. Lapachi, nor does the immigration statute contain an exhaustion requirement. 8 U.S.C. § 1231. Numerous courts examining this issue have determined administrative exhaustion would be futile in his situation. *See Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 921 (D. Alaska 2025); *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) (unreported); *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1182 (D. Colo. 2024); *Martinez v. Ceja*, 760 F. Supp. 3d 1188, 1192 (D. Colo. 2024). Here, if there are further administrative steps Mr. Lapachi could take, the

Court finds exhaustion would be futile—especially in the face of the irreparable harm suffered by continued unlawful detention. *Salad*, 769 F. Supp. 3d at 921.

Further, the Supreme Court addressed the viability of § 2241 habeas petitions in post-removal period detention cases. *Zadvydas*, 533 U.S. at 687-88. It noted that prior to 1952 federal courts routinely heard immigration challenges under § 2241. *Id*. at 687. The introduction of the Administrative Procedure Act provided an alternate method of review, but "left habeas untouched as the basic method for obtaining review of continued *custody after* a deportation order had become final." *Id.* (emphasis in original). Subsequent changes to several immigration statutory provisions limited judicial review in certain situations. *Id*. However, those changes did not limit the courts' ability to review post-removal order detentions. *Id*. at 687-88. Thus, the Supreme Court held: "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Id.*

## II. Detention under 8 U.S.C. § 1231

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a noncitizen is ordered removed, generally, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). That ninety-day period is known as the "removal period." *Id.* Where the Government fails to remove a noncitizen within the removal period, further detention is authorized when the noncitizen is: "(1) 'inadmissible' under certain grounds, (2) 'removable' as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons

6

of security or foreign policy, (3) or has been 'determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Salad*, 769 F. Supp. 3d at 920 (citing *Zadvydas*, 533 U.S. at 682); 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during removal period. 533 U.S. 678, 683 (2001). It held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699. This conclusion was based upon the requirement, under the Due Process clause, that a noncitizen cannot be detained indefinitely. *Id*. at 693. Rather, due process requires a noncitizen be detained for no longer than the time "reasonably necessary to secure removal." *Id*. at 689. Thus, the Court determined that the basic question a habeas court must decide is whether "the detention in question exceeds a period reasonably necessary to secure removal." *Id.* at 699-70. It found a presumptively reasonable detention period of six months. *Id* at 701. However, after six months,

> once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.

*Id*.

ICE has detained Mr. Lapachi for fourteen months. [ECF 14 p. 1] Significantly, Respondents concede Mr. Lapachi has been detained beyond the six-month presumptively reasonable post-removal order detention period. [ECF 9 & 15] The Immigration Judge's order became final on March 11, 2025. Thus, Respondents have detained Mr. Lapachi for

more than seven months after the detention order became final. This is a significant amount of time past the presumptively reasonable six-months considered by the Supreme Court in *Zadvydas*. *See e.g.*, *Moreno v. Bondi,* No. 25-3168-JWL, 2025 WL 2926547, at *3 (D. Kan. Oct. 15, 2025) (petitioner held in post-removal order detention for seven and a half months entitled to habeas relief); *MOHAMMAD MOMENNIA, Petitioner, v. PAMELA BONDI, Att'y Gen., et al., Respondents.*, No. CIV-25-1067-J, 2025 WL 3011896, at *7 (W.D. Okla. Oct. 15, 2025) Report and Recommendation Adopted at No. CV 25-1067-J, 2025 WL 3006045, at *2 (W.D. Okla. Oct. 27, 2025) (granting habeas relief where petitioner held for six and a half months post-removal order); *BRAYAN ANDUAGA-COLIN, Petitioner, v. PAMELA BONDI, Att'y General; KRISTI NOEM, Sec'y, Dep't of Homeland Security; SAMUEL OLSON, Dir., ICE Field Office; & C. CARTER, Warden, FCI-Leavenworth, Respondents.*, No. 25-3151-JWL, 2025 WL 2926546, at *3 (D. Kan. Oct. 15, 2025) (petitioner detained for eight months post-removal order entitled to habeas relief).

Having previously determined Mr. Lapachi met his initial burden and has been detained for longer than the presumptively reasonable time, the Court turns to whether the Government successfully rebutted Mr. Lapachi's showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. In response to the Court's order requiring supplemental response, the Government stated it had contacted three countries soliciting acceptance of Mr. Lapachi: Turkey, Azerbaijan, and Armenia. [ECF 15 ex. 1 p. 2] The Government contacted these countries in March. Turkey responded to the inquiry on March 27, 2025, and declined to accept Mr. Lapachi. [ECF 15 ex. 1 p. 2] Further, Respondents stated: "To the best of my knowledge and

understanding, the U.S. Department of State is currently evaluating countries for potential acceptance but has not yet formulated that list." [ECF 15 ex. 1 p. 2] Respondents finally stated there was no specific timeline for Mr. Lapachi's removal.

The Government's response is not sufficient to demonstrate a significant likelihood of removal in the reasonably foreseeable future. While it is true that the Government took steps to remove Mr. Lapachi by soliciting three countries to accept him, no progress has been made since that time. One country, Turkey, declined acceptance almost immediately. Further, more than seven months have passed since the Government made the initial inquiries and it is still awaiting responses from Azerbaijan and Armenia. [ECF 15 ex. 1 p. 2] This does not demonstrate Mr. Lapachi's removal is likely in the reasonably foreseeable future. Likewise, the Government's vague assertion that the Department of State might be compiling a list of other potential countries for removal does not demonstrate a significant likelihood of removal in the reasonably foreseeable future. Finally, the Government candidly admitted it cannot provide a timeline for Mr. Lapachi's removal from the United States. Nothing presented by the Government suggests that removal is likely in the foreseeable future.

Finally, the Immigration Judge found Mr. Lapachi inadmissible under INA 212(a)(6)(A)(i). This section is codified at 8 U.S.C. § 1182(a)(6)(A)(i) and provides: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." Thus, the Immigration Judge found Mr. Lapachi inadmissible because he entered the country without being admitted or paroled or for entering at a place other than

9

one designated by the Attorney General. [ECF 1 p. 10] Mr. Lapachi has no criminal history, no disciplinary infractions while in detention, and has been fully compliant with his legal proceedings. [ECF 14 p. 6] There is nothing in Mr. Lapachi's case, nor has the Government argued there is, that would require his continued detention under 8 U.S.C. § 1231(a)(6). Thus, this Court has been provided no facts or circumstance that legally allow Mr. Lapachi's continued detention while the Government seeks removal. Because that removal is no longer reasonably foreseeable, "continued detention is unreasonable and no longer authorized by statute." *Zadvydas* 533 U.S. at 699-700.[2]

## CONCLUSION

Mr. Lapachi's continued detention is unlawful. The Court, therefore, **GRANTS** his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF 1] A Writ shall issue.

**IT IS FURTHER ORDERED** Respondents shall release Petitioner from custody, subject to an appropriate order of supervision, by **November 10, 2025**, and shall provide notice to this Court upon Mr. Lapachi is released from custody.

Dated this 30th day of October, 2025.

Scott W. Skavdahl
United States District Judge

---

[2] As noted in this Court's separately issued Writ of Habeas Corpus, Mr. Lapachi shall be subject to appropriate conditions of release necessary to protect the public safety and promote the ability of the Service to affect his removal to a third country. *See* 8 U.S.C. § 1231(a)(3) and 8 C.F.R. §241.13(h).